Rabin, J.
In this dispute over possessory rights to a lost unregistered United States bearer bond, between the finder and the New York City Police Property Clerk, the issue is whether the found bond is an “ instrument ” or whether it is “ property ” within article 7-B of the Personal Property Law (§§ 251-258) (L. 1958, ch. 860). If an “ instrument ”, the statute precludes the bond’s return to plaintiff, its finder. If “ property ”, the bond must be returned to the plaintiff.
The facts are undisputed. On July 21, 1966, the plaintiff, Mrs. Henrietta Kubli, after exiting the turnstile and while walking along the concourse of the 33rd Street PATH Station in Manhattan, found an envelope containing a United States bond in the principal amount of $10,000 payable to bearer. The 2%% treasury bond of the 1956-1959 series was issued in 1944 and redeemable on or after September 15, 1956; coupons Nos. 6-31 inclusive were attached. Mrs. Kubli went immediately to the 30th Street Police Precinct where she turned the bond over to the police[1] and, in accordance with subdivision *72 1 of section 258 of the Personal Property Law was issued a receipt. After three years had elapsed (the statutory period prescribed in Personal Property Law [§ 253, subd. 7] for police custody of “ property ” having a value of $5,000 or more), plaintiff, as finder, demanded the bond of the defendant police property clerk but was refused. She brought the instant action in the New York City Civil Court to recover the bond. After a brief trial, the Civil Court Judge found for defendant and dismissed the complaint. The Appellate Term affirmed without opinion. The Appellate Division, First Department, unanimously reversed and directed a judgment for plaintiff.
The governing statute, article 7-B of the Personal Property Law, entitled “ Lost and Found Property ”, was recommended to the Legislature by the New York State Law Revision Commission (see Commission Reports at N. Y. Legis. Doc., 1957, No. 65 [L]; N. Y. Legis. Doc., 1958, No. 65 [A]). The primary purpose of this statute, as stated by the commission, is “to regularize procedures for dealing with lost and found property which will promote the return of the property to the owner and at the same time protect the expectations of the finder ” (N. Y. Legis. Doc., 1957, No. 65 [L], p. 11). It is apparent that one of the purposes of the statute is to encourage exactly the type of responsible action by finders as was exemplified by the plaintiff’s conduct in this case.
The statute establishes uniform procedures for the deposit of found articles with the police (Personal Property Law, § 252), provides for safekeeping, measures to notify the owner (Personal Property Law, § 253) and for ultimate disposition (Personal Property Law, §§ 254, 255). It distinguishes between two classes of lost articles: “property” and “instruments”. “ Property ” is defined (Personal Property Law, § 251, subd. 1) as “ money, goods, chattels and tangible personal property other than (a) ‘ instruments ’ as defined in subdivision two of this section, [and other exceptions not here relevant] ”. Subdivision 2 of section 251 provides: “ [t]he term ‘ instrument ’ as used in this article means a check, draft, promissory note, bond, bill of lading, warehouse receipt, stock certificate or other paper or document, other than money, evidencing, representing or embodying a chose in action or a right with respect to prop *73 erty or a share, participation or other interest in property or in an enterprise.”[2]
The distinction between “property” and “ instruments ” comes into play principally in the disposition provisions of the statute,, assuming the owner has not come forward and the finder has made a demand. At the expiration of the applicable statutory period of police custody (Personal Property Law, § 253, subds. 7, 8) lost “ property ” goes to the finder (Personal Property Law, § 253, subd. 8; § 254, subd. 2) and title vests in him upon delivery (Personal Property Law, § 257, subd. 1). Lost “ instruments ”, however, are to be retained in police custody until delivered to “ the person entitled thereto ” (Personal Property Law, § 253, subd. 6; § 255, subd. 1). The statute contains no provision governing the disposition of instruments like the instant bearer bond which lack indicia of ownership on their face or which contain no information which, in the exercise of reasonable diligence, would lead the police to the “ person entitled thereto ”. The statute, with an exception not here relevant, unequivocally provides that no instrument deposited with the police “ shall be returned to the finder ”. (Personal Property Law, § 255, subd. 2.) This provision forecloses the possibility that where the owner cannot be ascertained the finder might be deemed “ the person entitled thereto ”.
The definition of “ instrument ” in subdivision 2 of section 251 of the statute is quite specific. It states that “ instrument ” includes a “ bond ”. The document found by plaintiff states on its face that it is a bond. Plaintiff, however, advances two *74 arguments, with which the Appellate Division agreed, to avoid the statutory language. First, she contends that “ bond ” should be read in context with the other documents enumerated in subdivision 2 of section 251. Contending that the other documents listed are “ commercial ” in nature, she would have us conclude that ‘1 instrument ” is limited to “ commercial paper ”. Upon this analysis, “ bond ” would not include a bearer bond of the United States, which, it is argued, has the attributes of currency, and should therefore be treated as “ property ” under the statute. This reading of “ bond ” would require the courts to carve from the statute’s definition of “ instrument ” an exception for bearer bonds, a result which finds no support in the language of the statute. The Legislature could easily have stated this exception had it been intended.
Secondly, plaintiff contends that the word “ bond ” is qualified by the concluding language of subdivision 2 of section 251 of the Personal Property Law — “ or other interest in property or in an enterprise ” — and that the United States Government is not an “ enterprise ”. We do not agree that the section permits such a reading. In subdivision 2. of section 251 the language “ or other interest in property or in an enterprise ” qualifies the immediately preceding terms “ share, participation or other interest ”. The only language qualifying “ bond ” and the other specific documents mentioned is the phrase “ evidencing, representing or embodying a chose in action or a right with respect to property ”. The bond found by plaintiff, payable to bearer, evidences a right in the bearer to payment. The language of the statute compels the conclusion that the bond found by plaintiff is an “ instrument ” for the purposes of article 7-B of the Personal Property Law. The consequence is that the bond cannot-be returned to Mrs. Kubli, but must be retained in defendant’s custody pending delivery to “ the person entitled thereto ”.[3]
Plaintiff has also made pre-emption arguments which, in our opinion, are fully met by the defendant. The claim most vigorously advanced is that by excluding a finder’s claim to a lost *75 United States bond in favor of the owner’s rights, the Personal Property Law conflicts with Federal Treasury regulations. Plaintiff relies upon an announcement contained in subdivision (b) of section 306.106 (n. 11) of title 31 of the Code of Federal Regulations that the Treasury will pay bearer bonds to the party presenting them and, where such bonds are lost or stolen, will not undertake to protect owners or give attention to notices of loss or theft. In effect, plaintiff claims that Federal law pays no attention to the rights of true owners and that New York’s “ policy ” to do so is pre-empted. The regulation plaintiff relies upon, however, by its terms applies only to bearer securities not yet due and consequently has no application to the bond in this ease. We also note that the same regulation provides that the Treasury will suspend redemption of matured, overdue securities, upon receipt of notice of loss or theft (Code of Fed. Reg., tit. 31, § 306.106, subd. [b]).
Even if the disputed bond were not yet due, plaintiff’s reliance upon Federal regulation would be unavailing. In disputes not touching the rights and duties of the United States, questions of title to bearer securities of the Federal Government are to be decided by State law (Code of Fed. Reg., tit. 31, § 306.100, n. 10; Bank of Amer. v. Parnell, 352 U. S. 29, 33-34). Under existing New York law it is clear that plaintiff is not entitled to return of the bond. The statute requires this conclusion despite the fact that we deal with a bearer instrument whose owner may be impossible to trace and may never come forward to claim it, and despite the plaintiff’s exemplary conduct in depositing the bond with the police, presumably with the expectation of procuring its return if the owner did not claim it.
It may be that to effectuate the specific language of the statute in this case, is also to defeat one of the law’s apparent purposes —■ the encouragement of responsible action by finders of instruments. Despite the equities favoring plaintiff’s position, we cannot ignore the terms of the statute. Those terms require that this bond be retained in police custody until it is delivered to “ the person entitled ” to it. The task is for the Legislature to provide for the disposition of instruments when the identity of “ the person entitled thereto ” cannot with reasonable diligence be ascertained by the police, and when that person has not come forward after the passage of time. It is for the Legis *76 lature to determine whether to protect the • expectations of finders of such instruments in the same manner as it already protects the expectations of “ property ” finders.
Accordingly, we reverse the order of the Appellate Division and reinstate the order of the Appellate Term.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones and Wachtler concur; Judge Stevens taking no part.
Order reversed, with costs and disbursements to plaintiff-respondent, and the order of the Appellate Term reinstated.

. In turning the bond over to the police, plaintiff complied with subdivision 2 of section 252 of the Personal Property Law which requires the finder of a lost instrument having a value of $10 or more, knowing it to he found, to return it to its owner or the person entitled thereto or to report the finding and deposit the instrument in a police station. Violation of this section is a misdemeanor (Personal Property Law, § 252, subd. 3).

. According to the report of the Law Revision Commission recommending enactment of the law to the Legislature (N. Y. Legis. Doc., 1958, No. 65 [A], p. 20) instruments are treated separately because “ [t]he intangible right represented by an instrument, as defined, is not necessarily lost because the instrument is lost”; and because provision for return of an instrument to the finder or for vesting of title in him or for sale of an instrument if unclaimed by either the owner or the finder, “ would lead to conflicts of interest and uncertainties as to the rights of third parties * * * Since ownership of the rights so represented can be traced through records of issuers, collecting banks and others, and since the value of an instrument to its owner may exceed any amount indicated on its face, statutory requirements for deposit of found property with the police should be applicable to all instruments as defined in the proposed statute and special provisions for notification of persons who may be concerned are appropriate.”

. The issue with respect to the disposition of retained “ instruments ” by turning them over to a Police Department Pension Fund has not been reached or considered.