In the Matter of JAMES SCOTT SAUNDERS, an Attorney, Respondent. COMMITTEE ON GRIEVANCES OF THE ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, March 7, 1978

## APPEARANCES OF COUNSEL

*James D. Porter, Jr.,* of counsel *(Oscar J. Cohen* with him on the brief), for petitioner.

*H. Richard Uviller* for respondent.

**OPINION OF THE COURT**

*Per Curiam.*

This motion, brought by petitioner Committee on Grievances, seeks to confirm in part and to disaffirm in part the report of the Referee which adjudged respondent guilty of professional misconduct and to impose disciplinary measures.

Respondent was admitted to the Bar on March 11, 1974 in the First Judicial Department. The charge of professional misconduct against respondent is that on March 24, 1975, while transacting some personal banking business at Chase Manhattan Bank, located at 60 East 42nd Street, in Manhattan, he stole a sealed envelope addressed as follows: "To: Chase 42nd Street For the account of Young & Rubican International Inc. Acct. No. 007-4-010356" from the teller's counter of the aforesaid bank. It is further charged that respondent thereafter opened the envelope, discovered that it contained checks indorsed for deposit to the account of Young & Rubican International, Inc., in the aggregate amount of $2,004,919.09 and subsequently telephoned the president of said corporation and "asked for a reward for the return of the checks." In answer to the charge, respondent contended that he came into possession of the envelope unwittingly and inadvertently. The Referee, after a hearing, concluded that respondent intentionally took the envelope without the knowledge of bank personnel and improperly delayed the return of the checks while seeking to exact a reward and a release. While observing that such conduct was improper and unprofessional, the Referee found that respondent's conduct did not constitute theft. He based such conclusion upon his characterization of the envelope on open view on the teller's counter as "lost or mislaid property" which was "not in the custody or possession of either its true owner or the Bank." It is this latter conclusion by the Referee which petitioner seeks to disaffirm.

The record, which includes photographic evidence consisting of time-lapse pictures taken by a surveillance camera installed in a wall of the bank, unequivocally demonstrates an intentional taking of the envelope by respondent. There is testimony by an employee of Young & Rubican International, Inc., that the deposit envelope was handed to a teller with a concomitant oral declaration, "Y & R deposit." It was the custom between the bank and this customer that the receipted deposit slip acknowledging the deposit would be mailed back

to the customer in a return envelope provided by the customer which was contained in the sealed envelope together with the deposit slip and checks. The photographs show, *inter alia,* that the sealed deposit envelope was resting on the teller's counter, right near the edge of the counter on the teller's side, just to the right of the teller. Further, a movable bank sign was between the envelope and the cutomer's side of the counter. The envelope was exposed to the view and within the near reach of the teller and, relatively, was a considerable distance from that part of the teller's counter where customers were doing their banking business. Additionally, the envelope was not lost or abandoned, but was merely at temporary rest, awaiting the convenience of the teller for recording. Under the circumstances, common sense and reason dictate that the envelope related to the business of the bank, and respondent's intentional appropriation of the envelope, when the teller was away from her station, by the performance of stealthy and guileful maneuvers can only be construed as intending to deprive the bank of its rightful possession of the envelope.

"The primary purpose of Personal Property Law [art 7-B, entitled Lost and Found Property] * * * is 'to regularize procedures for dealing with lost and found property which will *promote the return of the property to the owner* and at the same time protect the expectations of the finder' (N.Y. Legis. Doc., 1957, No. 65 [L], p. 11). It is apparent that one of the purposes of the statute is to encourage * * * responsible action" *(Kubli v Rosetti,* 34 NY2d 68, 72; emphasis supplied). There was no showing on this record upon which the Referee could predicate a conclusion that the envelope was mislaid without engaging in speculation. The intentional conduct on respondent's part in securing possession of the envelope under the circumstances herein is not responsible conduct, but is improper conduct. Also, the statute expresses an intention or state of mind with reference to the property as a necessary element to constitute one a legal finder of lost property; that is, that the person must find or come into possession of the property *with knowledge that it is lost property or found property.* Clearly, the record negates any finding that respondent came into possession of the envelope with such knowledge.

Accordingly, we disaffirm the Referee's report insofar as it found that respondent did not steal the sealed envelope and we confirm the balance of the report in its findings. Respon-

dent is guilty of the charge in its entirety. It is noted that respondent has no record of any previous misconduct and that he did not destroy, but returned the checks under circumstances which disclosed his identity. In light of the respondent's indifference to and neglect of his professional responsibility, a punishment of suspension for a period of three years is imposed.

KUPFERMAN, J. P., LUPIANO, SILVERMAN, EVANS and SANDLER, JJ., concur.

Respondent suspended from practice as an attorney and counselor at law in the State of New York for a period of three years, effective, April 7, 1978.