OPINION OF THE COURT
Charles B. Lawrence, J.
This case, tried by the court without a jury, involves a dispute between the finder and the Police Department Property Clerk, as to possessory rights to certain lost and found bearer bonds.
The facts are undisputed. On February 18, 1975 the infant plaintiff herein, while playing in front of his home, found unregistered bearer bonds issued by the State Dormitory Authority. On the same day, after showing them to his parents and learning that they had value, plaintiff in the company of his father delivered the bonds to the nearest police station and received appropriate receipts therefor.
*1031 By stipulation on the record, the parties have agreed that the bonds had a value of $75,000.
When the bonds were not claimed by the owner within the time prescribed by law (Personal Property Law, § 253, subd 7), the plaintiff, on or about February 22, 1978, demanded that defendant deliver the bonds over to him. Defendant declined so to do and this suit ensued.
Article 7-B of the Personal Property Law (§ 251 et seq.), which governs the disposition of lost and found property, was amended approximately three months after plaintiff found the bonds herein. (L 1975, ch 106, eff May 20,1975.) The purpose of the amendment was: “to provide that when a lost and found bearer instrument is unclaimed and the identity of the owner cannot be ascertained within the applicable statutory retention period, title to the instrument will vest in the finder upon his demand therefor.” (See NY Legis Ann, 1975, p 118.)
Defendant’s contention that the amendment, enacted after the date plaintiff found the bonds herein, should not be applied “retroactively”, is totally lacking in merit.
Article 7-B was enacted in 1958 (L 1958, ch 860, eff Sept., 1958) “to regularize procedures for dealing with lost and found property which will promote the return of the property to the owner and at the same time protect the expectations of the finder.” (See 1957 Report of NY Law Rev Comm, p 377, NY Legis Doc, 1957, No. 65[L].)
The statute divides lost articles into two categories, “property” and “instruments”. As the law was originally enacted, “property” was defined as “money, goods, chattels and tangible personal property” other than “instruments” (and other exceptions not here relevant); “instruments” was defined as a “check, draft, promissory note, bond” (and other documents not here relevant). (Personal Property Law, § 251, subds 1, 2; emphasis supplied.)[1]
The distinction between lost “property” and lost “instruments” is material only where the lost article has not been claimed by the owner within the prescribed time period (Kubli v Rosetti, 34 NY2d 68, 73).
*1032 Lost property goes to the finder upon demand (§ 253, subd 8; § 254, subd 2), and title vests in him upon delivery (§ 257, subd 1).
Lost instruments, however, are not to be returned to the finder, but are to be retained in police custody until delivered to “the person entitled thereto” (§ 253, subd 6; § 255, subds 1, 2; Kubli v Rosetti, supra, at p 73).
The Law Revision Commission recommended different treatment for “instruments” because it did not feel that the loss of an instrument affected the right of ownership, since the instrument could be enforced without its production, the owner traced with due diligence or a replacement instrument obtained from the issuer. (See 1958 Report of NY Law Rev Comm, p 20, NY Legis Doc, 1958, No. 65 [A].)
It was not until the Court of Appeals decision in Kubli (supra), that it became apparent that no provision had been made for the disposition of lost unregistered bearer bonds which remained unclaimed by the owner.
In Kubli, plaintiff sought to recover an unregistered treasury bond payable to bearer which remained unclaimed. The statute (as it then read) made no provision for the disposition of bearer bonds other than for retention thereof by the police, until delivered to the “person entitled” thereto. In no event (except for one exception, not here relevant) could the finder be a “person entitled thereto”.[2] The Court of Appeals, while recognizing that bearer bonds have the attribute of currency and the impossibility of tracing the true owner, and the equities favoring the finder, nevertheless declined “to carve an exception for bearer bonds” and to treat bearer bonds as “property” under the statute. The court pointed out that while its holding might discourage responsible action of finders of such bearer bonds, and thus defeat one of the purposes of the law, it was a matter for the Legislature to correct rather than the courts. (Kubli v Rosetti, 34 NY2d 68, 74-76, supra.) *1033 As a result of the decision in Kubli, the Legislature amended the law in 1975 to define “instruments payable, drawn or issued to bearer or to cash” as “property,” and excluding such bearer instruments from the definition of “instruments” (§ 251, subds 1, 2, as amd by L1975, ch 106, eff May 20, 1975; see, also, McKinney’s Session Laws of NY, 1975, pp 1567-1569, NY Legis Doc, 1975, No. 65 [K]), thus making unclaimed bearer bonds property returnable to a finder.
There is no issue of retroactivity involved in this case.
There can be no doubt that the Legislature intended to make the provisions for the disposition of unclaimed bearer bonds effective immediately and applicable to all such lost and found bonds remaining in police custody on the effective date of the amendment.
At the time property is found, the finder acquires no right to the property.[3] All he has is an expectation, which may ripen into a possessory right at the end of the prescribed time period, provided that the owner has not come forward and that the finder makes a demand therefor. It is the law in effect at the time of the expiration of the appropriate waiting period which governs the rights of the finder and not the law in effect at the time of finding.
Accordingly, the plaintiff was entitled to have the bonds delivered over to him upon his demand on or about February 22, 1978.
The parties have agreed that the defendant does not now have possession of the bonds, having turned them over to the police pension fund.
Since the return of the bonds are no longer a possibility, judgment is awarded to the plaintiff in the sum of $75,000, together with interest therein from February 22,1978.

. All statutory citations refer to the Personal Property Law unless otherwise indicated.

. While section 258 of the Personal Property Law authorized the disposition of property, there is no such similar provision for the disposition of instruments. It would seem that a final disposition of lost and found instruments, deposited with the police, can only be made after the instruments remain unclaimed for a period of six years, and then only in accordance with the applicable provisions of the Abandoned Property Law (see Abandoned Property Law, § 1310; also 29 Opns St Comp, 1973, p 4).

. Whether the lost article is classified as “property of a value of ten dollars or more” or as an “instrument,” a finder knowing it to be found is required to return it to the owner or report the finding and deposit it in a police station. Failure to do so is a misdemeanor (§ 252, subds 1, 2, 3).